UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| V. | ) | CIVIL ACTION NO. SA-18-CV-998 |
| | ) | |
| 89.9270303 BITCOINS, MORE OR LESS, | ) | |
| SEIZED FROM TREZOR VIRTUAL | ) | |
| CURRENCY WALLET BELONGING TO | ) | |
| JAYMES ALLEN CLARK, | ) | |
| | ) | |
| Respondent. | ) | |

## VERIFIED COMPLAINT FOR FORFEITURE

Comes now Petitioner United States of America, acting by and through the United States

Attorney for the Western District of Texas and the undersigned Assistant United States Attorney,

pursuant to Rule G, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture

Actions, of the Federal Rules of Civil Procedure, and respectfully states as follows:

### I.
### NATURE OF THE ACTION

This action is brought by the United States of America seeking forfeiture to the United

States of the property described below:

**89.9270303 Bitcoins, More or Less, Seized from Trezor Virtual Currency
Wallet Belonging to Jaymes Allen Clark,**

hereinafter the Respondent Property.

### II.
### STATUTORY BASIS FOR FORFEITURE

This is a civil forfeiture action *in rem* brought against the Respondent Property for

violations of Title 18 U.S.C. §§ 1029(a)(2) and (b)(2), and subject to forfeiture to the United States

pursuant to Title 18 U.S.C. § 981(a)(1)(C), which states:

> **§ 981.   Civil forfeiture**
> **(a)(1)** The following property is subject to forfeiture to the United States:
> \*\*\*
> **(C)** Any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of section . . . 1029 . . . of this title or a conspiracy to commit such offense.

## III.
## JURISDICTION AND VENUE

Under Title 28 U.S.C. § 1345, the Court has jurisdiction over an action commenced by the United States, and under Title 28 U.S.C. § 1355(a) the Court has jurisdiction over an action for forfeiture. This Court has *in rem* jurisdiction over the Respondent Property under Title 28 U.S.C. §§ 1355(b) and 1395. Venue is proper in this district pursuant to Title 28 U.S.C. §§ 1355(b)(1) and 1395(a), because the acts or omissions giving rise to the forfeiture occurred in this District.

The Respondent Property was seized on July 13, 2018 by the United States Secret Service. The Respondent Property has remained in the custody of the United States Secret Service, within the jurisdiction of the United States District Court, Western District of Texas, San Antonio Division, and shall remain within the jurisdiction of the court pending litigation of this case.

## IV.
## FACTS IN SUPPORT OF FORFEITURE

United States Secret Service special agents and other law enforcement officials conducted a criminal investigation of Jaymes Allen Clark and his criminal associates' illegal activity involving gift cards issued by the retailer, Target. As a result of this investigation, on or about October 12, 2017, a one count Information (Doc. 20) was filed against Jaymes Allen Clark (CLARK) in the Western District of Texas, San Antonio Division, under Criminal Case No. SA-

17-CR-805-DAE which charged Conspiracy to Commit the Title 18 U.S.C. § 1029(a)(2) offense

of Access Device Fraud in violation of Title 18 U.S.C. § 1029(b)(2). Subsequently, on October 19,

2017, Clark pled guilty pursuant to a sealed written plea agreement (Doc. 22) to the single count

in the Information. Clark was sentenced on January 29, 2018, to a term of imprisonment of forty-

one (41) months.

CLARK's criminal history incudes a conviction for the felony offense of

Manufacture/Delivery of Controlled Substance PG 2 (marijuana) under state cause number 12-

434-CRF-361 for which he is currently on probation for four years.

The facts and evidence gathered during the investigation of the criminal prosecution form

the basis for the instant civil forfeiture action.

## DEFINITIONS

1.    Based on United States Secret Service Special Agent Jeffrey R. Francis' combined
      training and experience, as well as research on the websites for the systems further
      described below, SA Francis has become knowledgeable of the following definitions:

2.    **Bitcoins (BTC)** represent a decentralized peer-to-peer payment system and digital
      currency introduced as open source software in 2009.   It is a "cryptocurrency," so-
      called because it uses cryptography to control the creation and transfer of money.
      Bitcoins are created by a process called mining, in which computer network
      participants, i.e. users, provide their computing power, verify and record payments into
      a public ledger in exchange for transaction fees and newly minted bitcoins.   Users send
      and receive bitcoins using wallet software on a personal computer, mobile device, or
      web application.   Bitcoins can be obtained by mining, or in exchange for products,
      services, or other currencies.   The value of BTC constantly fluctuates per the exchange
      rate in effect at the time of any given transaction. The volatility of the exchange rate

3

and potential to achieve extremely large profits in a short period of time, as well as the decentralized nature of the BTC system, makes BTC very appealing to criminals.

3.    **Bitcoin network -** a peer-to-peer payment network that operates on a cryptographic protocol.   Users send bitcoins,[1] the unit of currency, by broadcasting digitally signed messages to the network using Bitcoin wallet software.   Transactions are recorded into a distributed public database known as the block chain, with consensus achieved by a proof-of-work system called "mining."   The block chain is distributed internationally using peer-to-peer file sharing technology.   The network timestamps transactions by including them in blocks that form an ongoing chain called the block chain.   Such blocks cannot be changed without redoing the work that was required to create each block since the modified block.   The longest chain serves not only as proof of the sequence of events but also as a record that this sequence of events was verified by a majority of the Bitcoin network's computing power.   The network itself requires minimal structure to share transactions.   Messages are broadcast on a best effort basis, and nodes (switches that actively route data for networks) can leave and rejoin the network at will.   Upon reconnection, a node will download and verify new blocks from other nodes to complete its local copy of the block chain.

4.    **Bitcoin Wallet** – A Bitcoin wallet is what allows you to transact with other users. It gives you ownership of a Bitcoin balance so that you can send and receive bitcoins. Just like email, all wallets can interoperate with each other.

5.    **LocalBitcoins** – According to its website, www.localbitcoins.com, "At LocalBitcoins.com, people from different countries can exchange their local currency to bitcoins. The site users post advertisements where they state exchange rate and payment methods for buying or selling bitcoins. You reply to these advertisements and agree to meet the person to buy bitcoins with cash, or trade directly with online banking.

---

[1]   Conventionally, the capitalized word "Bitcoin" refers to the technology and network, whereas lowercase "bitcoin" refers to the currency itself.

4

Bitcoins are placed in LocalBitcoins.com web wallet from where you can pay your bitcoin purchases directly."

## STATEMENT OF PROBABLE CAUSE

6.      On 09/06/17, a Loss Prevention Manager from the retail chain, Target, contacted the U.S. Secret Service Phoenix Field Office and advised that they had become aware of a fraud scheme involving Target gift cards.   Law enforcement agents were informed that Target gift cards use a unique identifying number to access an account which has been pre-loaded with a specific dollar amount.[2]   According to Target Loss Prevention, they became aware of possible fraudulent activity involving gift cards in November, 2016, after receiving complaints from several customers who had purchased gifts cards that had zero balances when they attempted to redeem them.   The Goodyear, Arizona Police Department investigated these complaints by Target customers and as a result, an individual identified as Michael J. Brown (Brown) was arrested in December 2016.

7.      In July 2017, a forensic examination of Brown's mobile phone by the Goodyear Police Department led to the identification of CLARK and Sean Kwong (Kwong) as additional co-conspirators in the access device fraud scheme.

8.      CLARK was further identified as an Executive Team Leader of Assets Protection at a Target store in San Antonio, Texas within the Western District of Texas; and Kwong

---

[2]  Target gift cards constitute "access devices" because the pertinent legal definition of the term access device includes any card, plate, code, account number, electronic serial number, mobile identification number, personal identification number, or other means of account access that can be used, alone or in conjunction with another access device to obtain money, goods, services, or any other thing of value, or can be used to initiate a transfer of funds.

is identified further as an associate with CLARK and Brown through a business venture known as "Freebieservers LLC" which operated in San Antonio, TX, between 2013 and 2016.

9.    Images found on Brown's cell phone included screen shots of CLARK's work station at the Target store located at 18255 Blanco Rd., San Antonio, TX.   These screen shots included images of a proprietary Target database used to search for and identify activated Target gift cards, and included gift card numbers: XXX-XXX-XXX-XX9-709 and XXX-XXX-XXX-X8-560.   The investigation later revealed that these two gift card numbers were then combined with other compromised gift card numbers and used to make purchases of iTunes gift cards.   Additional information linking Brown's cell phone to CLARK included pictures found on Brown's phone of individuals who were later identified by Target Loss Prevention as having been detained and photographed by CLARK at the Target store for shoplifting where CLARK worked.

10.   According to Target Loss Prevention records and representatives, on 12/08/2016, CLARK logged into his work station (XXXXXXX0320) at the Target store located at 18255 Blanco Rd, using his log-in credentials, and conducted a search for recently activated gift cards.   CLARK identified the previously mentioned gift account numbers, XXX-XXX-XXX-XX9-709 and XXX-XXX-XXX-XX8-560, which had originally been purchased by customers in California.   On the same date, Brown was captured on video surveillance at a Target store in Goodyear, Arizona redeeming the gift card account numbers listed below to purchase a single iTunes gift card in the

6

amount of $1,900.00.   Among the unauthorized gift card numbers used by Brown was

the gift card XXX-XXX-XXX-XXX-709 previously seen in the search by CLARK.

| Gift Card Account # | Amount |
| --- | --- |
| XXX-XXX-XXX-XX4-042 | $85.08 |
| XXX-XXX-XXX-XX3-450 | $300.00 |
| XXX-XXX-XXX-XX6-046 | $300.00 |
| XXX-XXX-XXX-XX6-038 | $300.00 |
| XXX-XXX-XXX-XX5-457 | $200.00 |
| XXX-XXX-XXX-XX6-243 | $200.00 |
| XXX-XXX-XXX-XX6-219 | $200.00 |
| XXX-XXX-XXX-XX4-925 | $200.00 |
| XXX-XXX-XXX-XX9-709 | $116.61 |
| Total | $1,901.69 (purchase included $1.69 for a bottle of water) |

11.    On 12/08/16, Kwong was captured on video surveillance at the same Target store in

Goodyear, Arizona, redeeming the gift card account numbers listed below to purchase

a single iTunes gift card in the amount of $1,974.71. Among the unauthorized gift card

numbers used by Kwong included the gift card XXX-XXX-XXX-XX8-560 which was

previously seen in the search by CLARK.

| Gift Card Account # | Amount |
| --- | --- |
| XXX-XXX-XXX-XX6-238 | $300.00 |
| XXX-XXX-XXX-XX0-263 | $300.00 |
| XXX-XXX-XXX-XX0-255 | $300.00 |
| XXX-XXX-XXX-XX8-560 | $300.00 |
| XXX-XXX-XXX-XX7-326 | $300.00 |
| XXX-XXX-XXX-XX5-424 | $300.00 |
| XXX-XXX-XXX-XX9-989 | $174.71 |
| Total | $1,974.71 |

12.   Target records show based on proxy log data (data from the Target computer server) and from surveillance video compiled by Target Loss Prevention, a pattern in which CLARK accessed the Target gift card database searching for gift cards that had been recently activated for a specific dollar amount, and on or about the same date, as seen in video surveillance, Brown and/or Kwong would make iTunes gift card purchases for an unusual dollar amount ($1,900.00) or make multiple Target gift card purchases for several hundred dollars.

13.   According to Target Loss Prevention, in his employment capacity as Executive Team Leader of Assets Protection, CLARK did have access privilege to the gift card database using his unique employee number (XXXX6683 and unique password), however, Target officials determined that CLARK's log-in activity was not typical of what would be considered routine use.

14.   Once CLARK identified recently activated gift card accounts, he used his cellular phone to take a screen shot of the account information to include the dollar amount and the unique account number, and then he electronically transmitted the screen shot to either Brown or Kwong.   They would use a "third party app" on their mobile devices to create a bar code using the unique gift card account number.   When they had collected several account numbers from active gifts cards, they would go to various Target stores and purchase multiple Target or iTunes gift cards that could later be redeemed at cash value using a "clean" gift card.   From the investigation, agents determined that neither CLARK nor Brown redeemed the "clean" gift cards themselves. Based on the chat messages between Brown and CLARK which were

8

recovered in the course of the criminal investigation, agents discovered that these "clean" gift cards were sold on the internet, specifically by a "fence," and Brown and CLARK were paid in cryptocurrency.

15.     The forensic examination of Brown's mobile phone by the Goodyear Police Department recovered numerous chat messages from Brown's cell phone, dated from approximately 10/2016 to 12/2016, between "Kuro" (identified as the cell phone owner: Michael Jay Brown) and "Jaymes" (identified through cell phone records as Jaymes Allen CLARK).   Agents determined that CLARK and Brown used the "whatsapp" chat application during their online conversations.   Based on Special Agent Francis' training and experience, individuals involved in criminal activity use the "whatsapp" chat application because the transmission is encrypted and they believe that their conversation will be hidden from law enforcement.

16.     These chat messages detailed CLARK's and Brown's fraud scheme and included discussions about their proceeds from the scheme.   For example, in a chat exchange between CLARK and Brown, dated 10/19/16, CLARK states, "Lol you get all those cards loaded?"  Brown responds, "im ready to rock brooo."   CLARK responds, "I'll go in early tomorrow and get you today's GC too so tomorrow you can really hot [sic] the ground running."   Brown responds, "awesome bro."   CLARK then states, "I'm really excited, we're going to make a nice fat bitcoin wallet."   Later on the same date, Brown states, "I get to see my people and make money."   CLARK responds, "Yeah we found an amazing scheme."

9

17.   Later on the same date, 10/19/16, CLARK sent Brown 72 images of his Target workstation showing gift card numbers.   Brown responds, "i been developing a better relationship with one of the vendors, abby2012…she lives in cali and has people in china, she buys our target cards and does what we do and get itunes then sells them via china herself…shes a smart lady lol…trying to set her up as our "fence."" CLARK responds, "kk but her rate was 65?"   Brown then responds, "65-70 yea but she will buy the itunes for like 80 at night…also she can handle redic volumes."   CLARK responds, "nice kk."

18.   A chat dated 10/31/16, from CLARK to Brown, states, "This whole month should be amazing all the way through Christmas. We're going to work our asses off but man we will mint some btc."   Agents involved in this investigation have learned that "btc" is a commonly accepted abbreviation for bitcoin virtual currency.

19.   In another series of chats exchange between 11/4/16 and 11/7/16, after an image of CLARK's Target workstation was sent to Brown on 11/4/16, Brown responds, "great just taking a break for lunch, have 5 btc in pocket."   On 11/5/16 he adds, "did you get the btc?"   On 11/7/16 he further adds, "your 10btc richer…were minting btc fasted than a Chinese sweatshop."   On 11/9/16, CLARK responds, "I have ~95btc."

20.   Between 10/2016 and 12/2016, Brown requests CLARK's bitcoin public key address on twelve separate occasions, including one on 12/2/16, where Brown states, "also gimme ur btc addy my fence finished too."   Your Affiant notes he has learned from his training and experience that in order to effect a bitcoin transaction, the receiver of the bitcoin must send the bitcoin sender a "public key" generated from the receiver's

bitcoin private key wallet.   This "wallet" is often a key fob or other portable electronic device.   Your Affiant believes that Brown was referencing the sale of iTunes gift cards to a third party for bitcoin payments, and was subsequently providing CLARK with bitcoin payments.   Furthermore, based on CLARK'S bank account records, subpoenaed from Wells Fargo account number xxxxxx8276 for the period from January 2014 to September 2017, there is no indication that CLARK purchased cryptocurrencies using other income received into this account.   However, there were several deposits of cryptocurrency from the peer-to-peer exchange "Circle Internet" to CLARK's Wells Fargo account number xxxxxx8276.

21. On 9/20/17, CLARK was arrested by agents from the Secret Service South Texas Regional Task Force. Following his arrest, CLARK was held in the Geo Correction Center, San Antonio, Texas, and was allowed to make phone calls from this facility. All phone calls that have been made by CLARK while in the Geo Correction Center have been recorded and copies of the recordings have been provided to agents involved in this investigation. It should be noted, prior to both parties connecting on the phone calls, an automated message informs both parties that the call is being recorded.

22. On 9/21/17 at approximately 4:00pm, CLARK made a phone call to a female identified as Marena CLARK. During the conversation, he asked her, "Did you get all my stuff from the Secret Service?"   She responded, "Yes."   He then asked, "Did you get my car keys?"   She responded, "Yes."   He then asked her, "Did it have that, umm, thing on it?"   She responded, "Yes, it was there."   CLARK then stated, "You can keep it, or send it to Matt. If you send to Matt he'll need this number 1##4." Based on Special

Agent Francis' training, experience, and knowledge of this investigation, it is Special Agent Francis' belief that CLARK was referring to a cryptocurrency key fob which is a device commonly used to access stored cryptocurrencies.  The investigation revealed "Matt" to be a Matthew Baker of Portland Oregon, an associate of CLARK.

23.     On 1/29/18, CLARK appeared in the United States District Court, Western District of Texas, San Antonio Division, and pled guilty to violations of Title 18 U.S.C. § 1029(a)(2), (Access Device Fraud) and 1029(b)(2) (Conspiracy to commit Access Device Fraud) in criminal case number SA-17-CR-805-DAE.  On this same date, a Restraining Order was issued compelling Defendant CLARK and the Restrained Parties to provide the following information:

      a.  Identify and provide any and all physical devices used to store virtual or cryptocurrency private key(s).

      b.  Provide any and all other devices or means of storage used for virtual or cryptocurrency private key(s) to include anything in writing.

      c.  Identify all virtual and/or cryptocurrency accounts to include but not limited to bitcoin, etherium and Litecoin.

24.     In addition, it was ordered that compliance with the terms of the Order require that the Restrained Parties shall not engage in any actions that sell, transfer, withdraw or in any way diminish the value of any property whether real, personal, or virtual, except for payment of normal monthly living expenses from already liquid accounts.  On 1/30/18, your Affiant met with Marena CLARK and provided her a copy of the Restraining Order.

25.  On 01/30/18, your Affiant contacted Matthew Baker and discussed his association with CLARK.  He acknowledged that he did in fact receive a Trezor cryptocurrency key fob from Marena CLARK.   Baker also stated that he didn't want to be associated with any potential criminal activity and agreed to provide the key fob to the Secret Service Portland Resident Office.   On 1/31/18, Baker appeared in person at the Portland Resident Office.  He was provided a copy of the Restraining Order and surrendered the key fob to Special Agent Jason Kennell, who then logged the chain of custody and placed it into the evidence vault.

26.  On 2/1/18, the Trezor key fob (the Device) was received in the Secret Service San Antonio Field Office and placed into the evidence vault.   The Device provides access to the account holder's cryptocurrency account and generates a code to be used for financial transactions.   It does not have wireless capabilities and cannot be used as a storage device for electronic data.   The Device is currently in storage at the Secret Service office in San Antonio, Texas.   Through Special Agent Francis' training and experience, he knows that the Device has been stored in a manner in which its contents are, to the extent material to this investigation, in substantially the same state as they were when the Device first came into the possession of the Secret Service.

27.  On 7/10/18, Special Agent Francis accessed the Trezor website using the Device and the number CLARK referenced in his conversation with Marena CLARK, namely "1##4", via a Secret Service laptop computer and was able to view the account information, which included a balance of approximately 89.9 bitcoins.

28.  On 7/12/18, a federal seizure warrant was obtained under number SA:18-MJ-875-HJB

for 89.92708305 Bitcoins in CLARK's Trezor Virtual Currency Wallet. The seizure warrant was executed on 7/13/18 which resulted in the seizure of the Respondent Property.

29.     On or about May 16, 2018, and March 7, 2018, one count Indictments (Docs. 30, 30) were returned against Brown and Kwong in the Western District of Texas, San Antonio Division, under Criminal Case Numbers SA-18-CR-356-DAE and SA-18-CR-130-DAE which charged Conspiracy to Commit the Title 18 U.S.C. § 1029(a)(2) offense of Access Device Fraud in violation of Title 18 U.S.C. § 1029(b)(2).

30.     On September 17, 2018, Brown entered into a written Plea Agreement (Doc. 53) and is scheduled to appear on October 2, 2018, in the United States District Court, Western District of Texas, San Antonio Division, to plead guilty to violations of Title 18 U.S.C. § 1029(a)(2), (Access Device Fraud) and 1029(b)(2) (Conspiracy to commit Access Device Fraud) in criminal case number SA-18-CR-356-DAE.

31.     On March 20, 2018, Kwong appeared in the United States District Court, Western District of Texas, San Antonio Division, and pled guilty pursuant to a written Plea Agreement (Doc. 35) to violations of Title 18 U.S.C. § 1029(a)(2), (Access Device Fraud) and 1029(b)(2) (Conspiracy to commit Access Device Fraud) in criminal case number SA-18-CR-130-DAE. Kwong is scheduled for sentencing on October 1, 2018.

For the above stated reasons and in consideration of the totality of the circumstances, the Respondent Property is subject to forfeiture to the United States of America pursuant Title 18 U.S.C. § 981(a)(1)(C) because it represents proceeds from violations of Title 18 U.S.C. § 1029(a)(2) and (b)(2).

14

## V.
## PRAYER

WHEREFORE, Petitioner, United States of America, prays that due process issue to enforce the forfeiture of the Respondent Property, that due notice, pursuant to Rule G(4), be given to all interested parties to appear and show cause why forfeiture should not be decreed,[3] that a warrant for an arrest in rem be ordered, that the Respondent Property be forfeited to the United States of America, that the Respondent Property be disposed of in accordance with the law, and for any such further relief as this Honorable Court deems just and proper.

Respectfully submitted,

JOHN F. BASH
United States Attorney

By: _____
MARY NELDA G. VALADEZ
Assistant United States Attorney
Asset Forfeiture Section
601 N. W. Loop 410, Suite 600
San Antonio, Texas 78216
Tel. (210) 384-7040
Fax (210) 384-7045
Email mary.nelda.valadez@usdoj.gov
Texas Bar No. 20421844

Attorneys for the United States of America

---

[3] Appendix A, which is being filed along with this complaint, will be sent to those known to the United States to have an interest in the Respondent Property.

15

## VERIFICATION

Special Agent Jeffrey R. Francis declares and says that:

1.     I am a Special Agent with the United States Secret Service, assigned to the San Antonio Field Office, and am the investigator responsible for the accuracy of the information provided in this litigation.

2.     I have read the above Verified Complaint for Forfeiture and know the contents thereof; the information contained in the Verified Complaint for Forfeiture has been furnished by official government sources; and based upon information and belief, the allegations contained in the Verified Complaint for Forfeiture are true.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 25 day of September , 2018.

Jeffrey R. Francis, Special Agent
United States Secret Service
San Antonio Field Office

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| V. | ) | CIVIL ACTION NO. SA-18-CV-998 |
| | ) | |
| 89.9270303 BITCOINS, MORE OR LESS, | ) | |
| SEIZED FROM TREZOR VIRTUAL | ) | |
| CURRENCY WALLET BELONGING TO | ) | |
| JAYMES ALLEN CLARK, | ) | |
| | ) | |
| Respondent. | ) | |

## NOTICE OF COMPLAINT FOR FORFEITURE

1.     On _____, 2018, a Verified Complaint for Forfeiture *in rem* was filed in this Court by the United States Attorney for the Western District of Texas and Assistant United States Attorney Mary Nelda G. Valadez, against the property described below, which is also specifically described in the Verified Complaint for Forfeiture, for violations of Title 18 U.S.C. §§ 1029(a)(2) and (b)(2), and subject to forfeiture to the United States of America pursuant to Title 18 U.S.C. § 981(a)(1)(C), namely:

**89.9270303 Bitcoins, More or Less, Seized from Trezor Virtual Currency Wallet Belonging to Jaymes Allen Clark**,

hereinafter the Respondent Property.

2.     Pursuant to Supplemental Rule G(4)(b), notice to any person who reasonably appears to be a potential claimant shall be by direct notice.   Accompanying this notice is the Verified Complaint for Forfeiture which has been filed in this cause and which describes the Respondent Property.   Pursuant to Supplemental Rule G(4)(b), any person claiming an interest in the Respondent Property who has received direct notice of this forfeiture action must file a Claim,

**Appendix A**

in compliance with Rule G(5)(a), with the court within **thirty-five (35) days after the notice was sent, if delivered by mail (if mailed, the date sent is provided below), or within 35 days of the date of delivery, if notice was personally served**.   An Answer or motion under Rule 12 of the Federal Rules of Civil Procedure must then be filed within **twenty-one (21)** days of the Claim being filed.

The Claim and Answer must be filed with the Clerk of the Court, 655 E. Cesar E. Chavez Blvd., Room G65, San Antonio, Texas 78206, and copies of each must be served upon Assistant United States Attorney Mary Nelda G. Valadez, 601 N.W. Loop 410, Suite 600, San Antonio, Texas 78216, or default and forfeiture will be ordered.   *See* Title 18 U.S.C. § 983(a)(4)(A) and Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

Failure to follow the requirements set forth above will result in a judgment by default taken against you for the relief demanded in the complaint.

**DATE NOTICE SENT:**_____

Respectfully submitted,
JOHN F. BASH
United States Attorney

By:  _____
MARY NELDA G. VALADEZ
Assistant United States Attorney
Asset Forfeiture Section
601 N. W. Loop 410, Suite 600
San Antonio, Texas 78216
Tel. (210) 384-7040
Fax (210) 384-7045
Texas Bar No. 20421844

Attorneys for the United States of America

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| V. | ) | CIVIL ACTION NO. SA-18-CV-998 |
| | ) | |
| 89.9270303 BITCOINS, MORE OR LESS, | ) | |
| SEIZED FROM TREZOR VIRTUAL | ) | |
| CURRENCY WALLET BELONGING TO | ) | |
| JAYMES ALLEN CLARK, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER FOR WARRANT OF THE ARREST OF PROPERTY

WHEREAS a Verified Complaint for Forfeiture *in rem* was filed on _____,

2018 against the following property:

> **89.9270303 Bitcoins, More or Less, Seized from Trezor Virtual Currency Wallet Belonging to Jaymes Allen Clark**,

hereinafter the Respondent Property, alleging that the Respondent Property is subject to forfeiture

to the United States of America pursuant to Title 18 U.S.C. § 981(a)(1)(C) for violations of Title

18 U.S.C. §§ 1029(a)(2) and (b)(2); IT IS THEREFORE

ORDERED that a Warrant for the Arrest of Property issue as prayed for, and that the United

States Secret Service for the Western District of Texas, or any other law enforcement officer, or

any other person or organization authorized by law to enforce the warrant, be commanded to arrest

the Respondent Property and take it into possession for safe custody as provided by Rule G,

Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, of the Federal

Rules of Civil Procedure until further order of the Court, and to use whatever means may be

appropriate to protect and maintain the Respondent Property while in custody, including

designating a substitute custodian or representative for the purposes of maintaining the care and

custody of the Respondent Property and to make a return as provided by law.

SIGNED this _____ day of _____, 2018.

_____

UNITED STATES DISTRICT JUDGE

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **V.** | ) | **CIVIL ACTION NO. SA-18-CV-998** |
| | ) | |
| **89.9270303 BITCOINS, MORE OR LESS,** | ) | |
| **SEIZED FROM TREZOR VIRTUAL** | ) | |
| **CURRENCY WALLET BELONGING TO** | ) | |
| **JAYMES ALLEN CLARK,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## WARRANT FOR THE ARREST OF PROPERTY

TO THE UNITED STATES SECRET SERVICE OR OTHER AUTHORIZED LAW ENFORCEMENT OFFICER OR ANY OTHER PERSON OR ORGANIZATION AUTHORIZED BY LAW TO ENFORCE THE WARRANT:

WHEREAS a Verified Complaint for Forfeiture *in rem* was filed on _____,

2018 against the following property:

**89.9270303 Bitcoins, More or Less, Seized from Trezor Virtual Currency Wallet Belonging to Jaymes Allen Clark**,

hereinafter the Respondent Property, alleging that the Respondent Property is subject to forfeiture to the United States of America pursuant to Title 18 U.S.C. § 981(a)(1)(C) for violations of Title 18 U.S.C. §§ 1029(a)(2) and (b)(2), and

WHEREAS an Order has been entered by the United States District Court for the Western District of Texas that a Warrant for the Arrest of Property be issued as prayed for by Petitioner United States of America,

YOU ARE THEREFORE COMMANDED to arrest the Respondent Property as soon as practicable by serving a copy of this warrant on the custodian in whose possession, custody or

control the Respondent Property is presently found, and to use whatever means may be appropriate

to protect and maintain the Respondent Property in your custody until further order of this Court,

including designating a substitute custodian or representative for the purposes of maintaining the

care and custody of the Respondent Property and to make a return as provided by law.

SIGNED this _____ day of _____, 2018.

JEANNETTE CLACK
United States District Clerk
Western District of Texas


By:      _____
         Deputy

2

JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

United States of America

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Mary Nelda G. Valadez, AUSA
601 NW Loop 410, Suite 600
San Antonio, TX 78216

## DEFENDANTS

89.9270303 Bitcoins, More or Less, Seized from Trezor Virtual Currency Wallet Belonging to Jaymes Allen Clark

County of Residence of First Listed Defendant   Bexar
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1  U.S. Government Plaintiff
☐ 2  U.S. Government Defendant
☐ 3  Federal Question *(U.S. Government Not a Party)*
☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                          *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☒ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | **PERSONAL INJURY** | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | **LABOR** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title 18 U.S.C. § 981(a)(1)(C)
Brief description of cause:
Forfeiture of proceeds

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE   David A. Ezra                DOCKET NUMBER   SA-17-CR-805-DAE

DATE
09/19/2018

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____