**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**UNITED STATES OF AMERICA,**

        **Petitioner,**

**v.**                                  **Case No. SA-18-CV-0998-JKP**

**89.9270303 BITCOINS, MORE**
**OR LESS, SEIZED FROM**
**TREZOR VIRTUAL CURRENCY**
**WALLET BELONGING TO**
**JAYMES ALLEN CLARK, et al.,**

        **Respondents.**

## ORDER

In this civil forfeiture case, the United States of America seeks forfeiture of identified respondent properties. After Petitioner filed an amended complaint (ECF No. 3) and obtained an Order for Warrant (ECF No. 4) and a Warrant for the Arrest of Properties (ECF No. 5), two claimants filed Notices of Claims (ECF Nos. 7 and 8) and an Amended Answer to the Amended Complaint for Forfeiture (ECF No. 11).

Before this case was reassigned to the undersigned District Judge, *see* ECF No. 15, the parties submitted Joint Agreed Scheduling Recommendations (ECF No. 14) at the Court's request, *see* ECF No. 12. As stated in the Court's July 6, 2020 Status Report Order (ECF No. 16), the Court took no action on the scheduling recommendations, because civil forfeiture cases "are exempt from the scheduling order requirement of [Fed. R. Civ. P.] Rule 16," *see* W.D. Tex. Civ. R. 16(b). The Court, nevertheless, noted that the parties had agreed to various deadlines, including a January 7, 2020 deadline for filing dispositive motions. The parties had also agreed to submitting written offers of settlement and written responses to such offers. *See* ECF No. 14.

In the parties' joint response to the Status Report Order, they informed the Court that (1) they had been waiting for the Court to adopt their proposed scheduling order. (2) "to conserve judicial resources and preclude the need for trial, the Parties have engaged in settlement negotiations several times between October 2019 to the present"; and (3) "they will continue to engage in settlement negotiations, to exchange discovery, and have agreed to submit a new scheduling order if so ordered by this Court." *See* ECF No. 17. The Court issued a Scheduling Order the next day while again noting that civil forfeiture cases are exempt from the scheduling order requirement. *See* ECF No. 18. Within the Scheduling Order it noted that, "based on the joint status report, it seems that only three matters appear relevant to this action: (1) alternative dispute resolution; (2) dispositive motions; and (3) trial." *See id.* Accordingly, the Court set deadlines for discovery, filing a joint status report as to settlement negotiations, dispositive motions, and engaging in mediation or other alternative dispute resolution. *See id.*

The Court thereafter granted a joint motion to extend the discovery deadline. *See* ECF No. 20. And in a joint status report as to settlement negotiations, the parties informed the Court "that they continue to engage in settlement negotiations in order to conserve judicial resources and preclude the need for trial." *See* ECF No. 21. The Court thereafter granted a second joint motion to extend the discovery deadline, as well as the dispositive motion deadline. *See* ECF No. 23. It therein noted that the remainder of the Scheduling Order, including the deadline for engaging in alternative dispute resolution, remained in effect. *See id.*

After all of the forgoing extensions and other scheduling issues, Petitioner filed a Report to the Court Regarding Alternative Dispute Resolution (ECF No. 24) on November 30, 2020. Petitioner therein "respectfully advises the Court that the instant case is filed as a civil forfeiture action" and is exempt from the mandatory disclosure requirements and the requirement for entry

of a scheduling order. Because of such exemption, Petitioner asserts that "it should be exempt from engaging in mediation and the filing of a report on alternative dispute resolution."

Although Petitioner asserts that it should be exempt from alternative dispute resolution, it provides no legitimate basis for such assertion. The local rule addressing alternative dispute resolution ("ADR") does not exempt any particular case type from its scope. *See* W.D. Tex. Civ. R. 88. To the contrary, it permits the Court to "refer a case to ADR . . . on its own motion," if it deems it warranted. *See* W.D. Tex. Civ. R. 88(c). And while certain types of cases are exempt from the scheduling order requirement, such exemption does not exempt parties from complying with court-imposed deadlines for ADR. The scheduling order requirement under Fed. R. Civ. P. 16(b) contains four components: (1) mandatory issuance of a scheduling order after one of two specified events; (2) required timing of issuance absent "good cause for delay"; (3) required and permissible contents; and (4) restrictions on modifying a schedule. In exempt cases, the Court is not required to satisfy these requirements. *See* Fed. R. Civ. P. 16(b)(1); W.D. Tex. Civ. R. 16(a)-(b).

That a particular case is exempt from the scheduling order requirement does not preclude the Court from issuing a scheduling order. And if the Court does issue a scheduling order, the parties remain as obligated to comply with it as they are with any other scheduling order. The exemption simply has no affect on whether parties must comply with a court issued scheduling order.

This case is a prime example of an exempted case needing a limited scheduling order to guide the parties through its ultimate resolution. When left to their own devices, the parties took no significant action in this case despite having agreed to various deadlines. Indeed, when prompted for the status of the case, the parties informed the Court that they were waiting for it to issue a scheduling order despite the exempt nature of the case. The Court thus issued the limited

3

scheduling order based upon issues that appeared to remain in the case, including setting a deadline for ADR. At no point, did any party assert any objection to such deadline – either initially or in the subsequent motions for extension of other deadlines. No one voiced an objection when the Court specifically brought the deadline to the parties' attention in its most recent order. Instead, on the day the deadline expired, Petitioner filed a court advisory stating its unsupported belief that it should be exempt from ADR.

To be frank, this sequence of events is simply unacceptable. First, Petitioner "respectfully advises" the Court of the nature of this case and its exemption from the scheduling order requirements. The Court, however, previously raised those very matters when it sought a joint status report from the parties, but the parties' joint response exhibited a need for a limited scheduling order so that the case could progress. The Court was quite aware of both the nature of this case and the typical exemption. Given the parties' focus on settlement negotiations, an ADR deadline appeared warranted. Had any party voiced any concern that the circumstances of this case would affect the desirability or effectiveness of ADR, the Court could have considered such concern and taken appropriate action, including vacating the deadline if warranted. But no one expressed any disagreement with the imposed deadline – at least not until Petitioner filed its report on the date of the deadline.

A party may have numerous legitimate reasons for not desiring to engage in ADR. Perhaps settlement negotiations have reached an impasse and no amount of additional good faith efforts will be fruitful. Perhaps the strength of the party's case warrants pursuit of a dispositive motion and/or trial. Perhaps the opposing party's case is so weak as to warrant ceasing settlement negotiations. Indeed, the current pandemic environment provides some reason to avoid unnecessary exposure to others. Of course, the pandemic also provides incentive to avoid trial. But claiming to be

exempt from ADR without asserting a valid basis for the claim is not a legitimate basis for failing to comply with an ADR deadline.

When the Court issued its limited scheduling order for this case, it did not reference W.D. Tex. Civ. R. 88. Nor did it specifically refer the case to ADR, although that is certainly the gist of the ADR deadline. Given the ongoing settlement negotiations between the parties, as reflected in various filings by the parties, the Court viewed strict compliance with the local rule as unnecessary. It appeared better to merely let the parties proceed with their informal negotiations with a specific ADR deadline. In hindsight, that route appears ill-advised. Rather than timely presenting any ADR dispute to the Court prior to the expiration of that deadline, Petitioner simply notified the Court of its belief that it should be exempt from ADR.

While the notice is insufficient regardless, strict compliance with the local rule would have completely and unambiguously foreclosed that option. Local Rule CV-88(g) governs relief from ADR referrals and requires the filing of written objections to the ADR referral within fourteen days of receiving notice of the referral. Under the facts of this case, applying that deadline at this juncture does not appear warranted given the mere implicit ADR referral contained within the Court's scheduling order. Thus, had Petitioner asserted a valid basis for choosing not to engage in ADR, the Court would have thoughtfully considered various options, including whether to simply vacate the deadline. However, Petitioner's recent report does not reveal a good faith basis for not engaging in ADR. Nor does it exhibit good cause for relieving Petitioner from an ADR referral. It instead appears to be no more than an eleventh-hour disregard for a court-imposed deadline.

At this point, the ADR deadline has passed, and the dispositive motion deadline is two weeks away. Because prior to the most recent report filed by Petitioner, every indication showed that the parties were working towards a compromised resolution of this case, and because

Petitioner has stated no legitimate basis for not engaging in ADR as contemplated by the court-issued Scheduling Order, the Court views the circumstances as favorable to an ADR referral consistent with Local Rule CV-88. Consequently, the Court hereby orders the parties to confer and to file a report on alternative dispute resolution in compliance with Local Rule CV-88 **on or before January 4, 2020**. If Petitioner desires to continue asserting that it is exempt from ADR, it shall provide more than it has in its most recent report to the Court. The report filed in compliance with Local Rule CV-88 shall contain all reasons for claiming such exemption or for otherwise opposing an ADR referral. Upon receiving that report, the Court will consider whether the circumstances justify an ADR referral.

**IT IS SO ORDERED this 2nd day of December 2020.**

**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**

6