UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

UNITED STATES OF AMERICA,

    *Petitioner*,

v.                                     **Case No. SA-18-CV-0998-JKP**

89.9270303 BITCOINS, MORE OR LESS,
SEIZED FROM TREZOR VIRTUAL
CURRENCY WALLET BELONGING TO
JAYMES ALLEN CLARK, et al.,

    *Respondents*.

## MEMORANDUM OPINION AND ORDER

Before the Court is a *Rule 59 Motion* (ECF No. 57) filed by Claimants under Fed. R. Civ. P. 59(e) seeking reconsideration of a prior Memorandum Opinion and Order (ECF No. 39). The Government has filed a response (ECF No. 63) and Claimants have not filed a reply brief. After reviewing the motion, briefing, relevant evidence and other filings, and the applicable law, the Court denies the motion.

At the outset, the Court addresses what seems to be a growing trend – an apparent failure of parties to read and consider court orders. After Claimants moved for an extension of time to file a Rule 59 motion, *see* ECF No. 44, the Court denied "the motion because the Court has entered no judgment in this case to implicate Fed. R. Civ. P. 59," ECF No. 47. It then explained to the parties that any motion to reconsider at this juncture would be premised on Fed. R. Civ. P. 54(b). *See* ECF No. 47 at 1-2. And it then specifically set a deadline for a Rule 54(b) motion to reconsider. Based on the current motion and response to the Court, the explanation appears to have had no effect.

Despite the prior denial, explanation, and setting of a deadline for the filing of a Rule 54(b) motion, Claimants filed their motion pursuant to Rule 59(e). And the Government response merely

addresses the Rule 59(e) standard for reconsideration. Counsel on both sides should do better. The Court expects more. This is not a disagreement of form over substance because there can be material differences between the standard applied under Rule 54(b) and that applied under Rule 59.

Although Claimants invoke Rule 59(e), that rule does not become applicable until after entry of a judgment. As the Court already informed the parties, Rule 54(b) applies when a party seeks reconsideration of an interlocutory order. *See McClendon v. United States*, 892 F.3d 775, 781 (5th Cir. 2018) (recognizing the applicability of Rule 54(b)); *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (per curiam) (clarifying relationship between Rule 54(b) and 59(e)).

Rule 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all of the claims." Through "Rule 54(b), the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Austin*, 864 F.3d at 336 (citation and internal quotation marks omitted). Applying "the more flexible Rule 54(b)" standard, provides broader discretion for the courts to reconsider their interlocutory orders. *Id.* at 337. The more flexible approach reflects the "inherent power of the . . . court to afford such relief from interlocutory judgments as justice requires." *Id.* (quoting *Cobell v. Jewell*, 802 F.3d 12, 25 (D.C. Cir. 2015)).

So long as courts "recognize that they have the discretion to grant reconsideration even in the absence of any such showing," the flexible approach permits them to "require a showing of one of the following factors to justify reconsideration: an intervening change in law; availability of previously unavailable new evidence; or a need to correct a clear legal error or to prevent manifest injustice." *S. L. V. v. Rosen*, No. SA-21-CV-0017-JKP, 2021 WL 243442, at *5 (W.D. Tex.

Jan. 25, 2021) (second quote from *Gonzalez ex rel. E.G. v. Bond*, No. 1:16-CV-0068-BL, 2017

WL 3493124, at \*7 (N.D. Tex. June 29, 2017) (recommendation of Mag. J.) *adopted by* 2017 WL

3491853 (N.D. Tex. Aug. 14, 2017)). In many circumstances, the absence of such showing would

exhibit no injustice to denying reconsideration. But in all cases, the critical consideration for re-

considering an interlocutory order under Rule 54(b) is whether justice requires relief from such

order. *See Austin*, 864 F.3d at 337.

Claimants here do not present any basis for reconsideration under Rule 59(e). There is no

need to accommodate a change in intervening law, Claimants present no newly discovered evi-

dence, and there is no need to correct any manifest error of law or fact. Claimants merely want to

rehash arguments that were presented and resolved against them. To the extent they present a new

argument, there is no reason they could not have presented it in their summary judgment briefing.

Moreover, their motion fails even under the more relaxed standard. Claimants present noth-

ing to show that justice requires reconsideration of any prior ruling of the Court. They have simply

not shown any sufficient reason to justify reconsideration. Accordingly, the Court **DENIES** the

*Rule 59 Motion* (ECF No. 57) filed by Claimants, which the Court has considered under the more

flexible Rule 54(b) standard for reconsideration.

**IT IS SO ORDERED.**

**SIGNED this 8th day of November 2021.**

**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**