UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**UNITED STATES OF AMERICA,**

    *Petitioner*,

v.                                            Case No. SA-18-CV-0998-JKP

**89.9270303 BITCOINS, MORE OR LESS,
SEIZED FROM TREZOR VIRTUAL
CURRENCY WALLET BELONGING TO
JAYMES ALLEN CLARK, et al.,**

    *Respondents*.

## MEMORANDUM OPINION AND ORDER

Pursuant to 18 U.S.C. § 981, Petitioner United States of America ("the Government") seeks the civil forfeiture of three specifically listed respondent properties that are alleged proceeds traceable to criminal activity of Jaymes Allen Clark: (1) 76.00 Bitcoin Cash, more or less; (2) 187.5 Ethereum, more or less; (3) $120,000.00 Bank of America cashier's check, Serial Number 1049711958. Two claimants, Jaymes Clark ("Clark") and Marena Clark-Lazaire, contest the forfeiture and have asserted claims to the respondent properties. On September 22, 2021, the Court entered an order partially granting the Government's motion for summary judgment. *See* ECF No. 39.

Before the Court are *Government's Supplemental Motion for Summary Judgment* (ECF No. 68), Claimants' response to the motion (ECF No. 69), the Government's reply to Claimants' response (ECF No. 70), and Claimants' surreply (ECF No. 71). Both sides have presented evidence in support of their positions. After considering the motion, related briefing, the evidence presented, and the parties' arguments, the Court grants in part and denies in part the Government's motion.

## I. NATURE OF ACTION

As explained in the Court's September 22, 2021 order, this is a civil forfeiture action brought pursuant to 18 U.S.C. § 981 against the respondent properties listed above. Section 981(a)(1)(C) allows the Government to seek forfeiture of "any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of [18 U.S.C. § 1029] or a conspiracy to commit such offense."

## II. GOVERNMENT'S OBJECTIONS AND CLAIMANTS' SURREPLY

On January 28, 2022, the Government filed a reply to Claimants' response to the pending supplemental motion for summary judgment. ECF No. 70. In its reply, the Government objected to Claimants' Exhibit A (Bitfinex Ledger), Exhibit B (Bitfinex-Ethereum Transactions with Blockchain Information), Exhibit B (Jaymes Clark Affidavit), and Exhibit C (Robert Emrich Affidavit). Claimants identified two exhibits as Exhibit B, but the Court is not confused by the labeling of the exhibits (the Court will refer to the second Exhibit B as the "Clark Affidavit"). The basis of the Government's objection/motion to strike Claimants' exhibits is Claimants' purported failure to produce the documents during discovery and the failure to properly designate an expert witness and produce an expert report under Rule 26 of the Federal Rules of Civil Procedure.

On February 3, 2022, Claimants filed their surreply which addresses the Government's objections. ECF No. 71. The Court will address the proper procedure for filing a surreply and then move on to the Government's objections.

As a general practice, neither the Federal Rules of Civil Procedure nor the local rules of this Court permit the filing of a surreply. But the local rules do contemplate a party seeking leave to file a post-reply submission. *See* W.D. Tex. Civ. R. 7(e)(1). Although surreplies "are heavily disfavored," it is within the sound discretion of the courts to grant or deny leave to file such additional briefing. *Warrior Energy Servs. Corp. v. ATP Titan M/V*, 551 F. App'x 749, 751 n.2 (5th

2

Cir. 2014) (per curiam) (quoting *Weems v. Hodnett*, No. 10-CV-1452, 2011 WL 2731263, at *1 (W.D. La. July 13, 2011)). Because "the scope of the reply brief must be limited to addressing the arguments raised" in the response or memorandum in opposition, *Petty v. Portofino Council of Coowners, Inc.*, 702 F. Supp. 2d 721, 729 n.3 (S.D. Tex. 2010) (citation omitted), and "it is improper for the movant to sandbag and raise wholly new issues in a reply memorandum," *Weems*, 2011 WL 2731263, at *1, the need for post-reply briefing should be rare. As aptly explained in *Weems*,

> This court's experience, shared by others in reported decisions, is that surreplies often amount to little more than a strategic effort by the nonmovant to have the last word on a matter. The fourth brief usually just repeats arguments from the memorandum in opposition and serves only to delay resolution of the underlying motion. Accordingly, it is proper to deny a motion for leave to file a surreply where the party fails to demonstrate exceptional or extraordinary circumstances warranting the relief sought. In other words, in seeking leave to file a surreply brief, a party must identify the new issues, theories, or arguments which the movant raised for the first time in its reply brief.

*Id.* (citations omitted).

Of course, as recognized by the Fifth Circuit, "[a]rguments raised for the first time in a reply brief are generally waived." *Jones v. Cain*, 600 F.3d 527, 541 (5th Cir. 2010). Such waiver often reduces a need for a surreply. Nevertheless, granting leave to file a surreply in extraordinary circumstances "on a showing of good cause" is a viable alternative to the general practice to summarily deny or exclude "all arguments and issues first raised in reply briefs." *Layne Christensen Co. v. Bro-Tech Corp.*, No. CIV.A. 09-2381-JWL, 2011 WL 3880830, at *1 n.1 (D. Kan. Aug. 31, 2011) (citation omitted).

Claimants should have sought leave to file their surreply. Although Claimants did not seek leave to file their surreply, they have established good cause for the Court to consider the additional briefing. The Government's objections to Claimants' exhibits would essentially eviscerate Claimants' evidence challenging the supplemental motion for summary judgment. More importantly,

3

Claimants have disproven the basis of the Government's objection to the exhibits. The Government alleges the challenged materials were not produced in discovery and Claimants did not disclose their expert during the discovery phase of this litigation. Claimants' surreply demonstrates the materials they are relying on to challenge the summary judgment were provided to the Government during the relevant discovery period. ECF No. 71 at 2-3. Claimants also established that Mr. Emrich was disclosed during the discovery phase of the case and the Court specifically recalls his presence at the September 3, 2021 hearing. The Court finds Claimants have established good cause to consider their surreply and overrules the Government's objections to Claimants' exhibits.

### III. FACTUAL BACKGROUND-RELEVANT TO THE PENDING MOTION

Because the Court provided a detailed recitation of the factual background of the case in its earlier order, it will not do so here. *See* ECF No. 39. After entry of the Court's order granting partial summary judgment, the Government sought, and Claimants opposed the Government's Motion for Limited Reopening of Discovery and to Set Deadline for the Filing of Supplemental Motions for Summary Judgment. *See* ECF No. 49. The Court granted the motion which allowed the Government to depose Mr. Guillermo Lara, Mr. Clark's former criminal defense attorney, to present evidence regarding the forfeitability of the respondent properties that are the subject of the Government's supplemental motion. *Id*. The Court set an expedited briefing schedule for the motion and the parties complied with the deadlines. *See* ECF Nos. 66 and 67. After several attempts to schedule Mr. Lara's deposition, Mr. Lara signed an affidavit which the Government filed as an exhibit in support of its supplemental motion. ECF No. 68-1 (or Exhibit A to the Government's Supplemental Motion for Summary Judgment). The Government contends Mr. Lara's affidavit presents undisputed proof that 76 Bitcoin Cash, 187.5 Ethereum, and $120,000 cashier's check are subject to forfeiture. The motion thus concerns only the cashier's check and key fob three, which contained or allowed access to the Ethereum and Bitcoin Cash.

Claimants argue in response that key fob three (one of Clark's Trezor wallets) does not actually store the disputed cryptocurrencies, but only provides keys to access these assets. ECF No. 69. Claimants also allege the properties are separate keys which belong to different blockchains. *Id*. The actual cryptocurrencies "live" or are stored on blockchains[1] that can only be accessed using a private key. ECF No. 69-1 at 24 (Clark Affidavit). These blockchains are "shared transaction logs" and have "non-editable history and built-in security." *Id*. "Each blockchain is separate, unique, and operates independently of any other Blockchain." *Id*. The crux of Claimants' argument regarding the Ethereum is that they owned it prior to any conspiracy to which Mr. Clark pleaded guilty, and Mr. Lara withdrew the same Ethereum they owned before the criminal enterprise. ECF No. 69 at 4. Claimants also contend the Government has not met its summary burden regarding the forfeitability of the Bitcoin Cash. The Court will address each item separately.

## IV. SUMMARY JUDGMENT STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "As to materiality, the substantive law will identify which facts are material" and facts are "material" only if they "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Disputes over material facts qualify as "genuine" within the meaning of Rule 56 when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* Given the required existence of a genuine dispute of

---

[1] The following definition of blockchain is derived from *U.S. v. Gratkowski*, 964 F.3d 307, 313 n.2 (5th Cir. 2020). Blockchain is a technological advancement that permits members in a shared network to "record a history of transactions on an immutable ledger." *See* Ashley N. Longman, Note, *The Future of Blockchain: As Technology Spreads, It May Warrant More Privacy Protection for Information Stored with Blockchain*, 23 N.C. BANKING INST. 111, 118–19 (2019) (citing Brittany Manchisi, *What is Blockchain Technology?*, BLOCKCHAIN PULSE: IBM BLOCKCHAIN BLOG (July 31, 2018), https://www.ibm.com/blogs/blockchain/2018/07/what-is-blockchain-technology/).

material fact, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Id.* at 247-48. A claim lacks a genuine dispute for trial when "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)).

The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). When "the movant bears the burden of proof on an issue," the movant "must establish beyond peradventure all of the essential elements of the claim" to warrant judgment as a matter of law. *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). And, when considering a motion for summary judgment, courts view all facts and reasonable inferences drawn from the record "in the light most favorable to the party opposing the motion." *Heinsohn v. Carabin & Shaw, P.C.*, 832 F.3d 224, 234 (5th Cir. 2016) (citation omitted).

Once the movant has carried its summary judgment burden, the burden shifts to the non-movant to establish a genuine dispute of material fact. With this shifting burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Heinsohn*, 832 F.3d at 234 (citation omitted). Additionally, the courts have "no duty to search the record for material fact issues." *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010); *accord Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012).

As discussed more fully in the next section, the Government's civil forfeiture claims are brought under 18 U.S.C. § 981(a)(1)(C). This statute lists predicate criminal offenses that justify

civil forfeiture if it can be proven by a preponderance of the evidence that the property sought in forfeiture derived from proceeds traceable to a violation of such an offense. *See* 18 U.S.C. § 983(c)(1).

## V. GOVERNMENT'S SUMMARY JUDGMENT MOTION

The Government moves for summary judgment seeking forfeiture of the respondent properties. It argues that it has established by a preponderance of the evidence that the respondent properties are forfeitable to the United States under 18 U.S.C. § 981(a)(1)(C), because the properties constitute or are derived from proceeds of violations or a conspiracy to commit violations of 18 U.S.C. § 1029. ECF No. 29 at 6-10. It further argues that once the burden shifts to the Claimants to prove, by a preponderance of the evidence, that the respondent properties are not subject to forfeiture, Claimants fail to carry that burden.

Section 981(a)(1)(C) provides that "any property, real or personal, which constitutes or is derived from proceeds traceable to . . . any offense constituting specified unlawful activity (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense" is subject to forfeiture to the United States. "The burden of proof is on the Government to establish, by a preponderance of the evidence, that the property is subject to forfeiture." 18 U.S.C. § 983(c)(1); *United States v. $157,808.97, More or Less, in Currency*, 309 F. App'x 851, 853 (5th Cir. 2009) (per curiam). Circumstantial evidence is a permissible form of proof in civil forfeiture actions. *United States v.3148 Woodlawn Drive, Groves, Tex.*, No. 1:10-CV-375, 2012 WL 966117, at *1 (E.D. Tex. Mar. 1, 2012) (recommendation of Mag. J.) *adopted by* 2012 WL 966061 (E.D. Tex. Mar. 21, 2012).

Once the Government satisfies its burden, the claimant has the burden of establishing that the respondent property is not subject to forfeiture. Claimants may proceed under various theories

to meet their burden to establish that a respondent property is from a legitimate source (i.e., not proceeds from a crime) or that they are innocent owners. *See* 18 U.S.C. § 983(d); *United States v. $79,010.00 in U.S. Currency*, No. CV-10-0244-PHX-DGC, 2012 WL 1150849, at *1 (D. Ariz. Apr. 5, 2012), *aff'd*, 550 F. App'x 462 (9th Cir. 2013).

**A. Bitcoin Cash**

The Government's overarching theory in this case is that Jaymes Clark acquired approximately 191 Bitcoin from his involvement in the gift card conspiracy. Sept. 3, 2021 H'rg Tr. 51:4-25. The Government contends the Bitcoin obtained from the conspiracy was converted to different forms of currency (Bitcoin Cash, Ethereum, and the cashier's check) and Mr. Lara ultimately gave these items to the Government. *Id.* Claimants do not dispute the fact that the Trezor wallet (key fob 3) contained or allowed access to the Bitcoin Cash and Ethereum. ECF No. 69 at 4, Response to United States of America's Supplemental Motion for Summary Judgment. Claimants also do not dispute that Clark only acquired Bitcoin from his participation in the gift card conspiracy. Mr. Clark stated, "I did not receive bitcoin cash or Ethereum from any Defendants in the conspiracy." ECF No. 32-1 at 16. Although Claimants dispute the amount of Bitcoin that was acquired during the gift card conspiracy, they do not dispute the fact that only Bitcoin was received as payment from the criminal conduct. The Court already determined that 147.188 Bitcoins are subject to forfeiture.

The Government presents Mr. Lara's affidavit as proof that the Bitcoin Cash was obtained and/or accessed using Mr. Clark's Trezor wallet (key fob 3) and is subject to forfeiture. Mr. Lara stated, "I have direct personal knowledge that these properties, that is the $120,000.00 cashier's check and the virtual currency on the fob containing 76.00 Bitcoin Cash and 187.5 Etherium, more or less, came from and are directly traceable back to Clark's Trezor wallet shown in **Exhibit 1**

8

attached hereto." ECF No. 68-1, ¶ 4. Mr. Lara also stated,

> I have direct personal knowledge that Jaymes Clark's Trezor wallet was accessed and Bitcoin was transferred out of the wallet after Clark's sentencing as shown on the Trezor account ledger in **Exhibit 1.** The Bitcoin that was withdrawn from the Trezor account after sentencing was converted to the $120,000.00 cashier's check. The virtual currency on the fob given to the government that contained the 76.00 Bitcoin Cash and the 187.5 Etherium, more or less, came from the Trezor wallet.

*Id*. at ¶ 5.

Mr. Lara used very specific language regarding the $120,000.00 cashier's check that he did not use concerning the Bitcoin Cash and the Ethereum. He stated that the Bitcoin that was withdrawn from the account (after the Trezor wallet was accessed) was converted to the $120,000.00 check. He does not state that Bitcoin was accessed and converted into Bitcoin Cash. He clearly states the fob that was given to the Government contained Bitcoin Cash. The difference in the two statements leads the Court to the conclusion that the Bitcoin Cash existed in that format when the Trezor wallet was accessed and then turned over to the Government. Therefore, the Government has not met its burden regarding the 76.00 Bitcoin Cash, and the Court denies the Government's motion for summary judgment for this digital asset.

**B. Ethereum**

The Government faces the same problem of proof regarding the Ethereum as it does for the Bitcoin Cash. The Government has proven the location or the means through which the digital assets were accessed (key fob 3), but it has not met its burden to show the Ethereum is subject to forfeiture. Even if the Government satisfied its summary judgment burden regarding the Ethereum, Claimants present evidence which demonstrates their ownership of this cryptocurrency prior to the gift card conspiracy, and that it remained in that form when Mr. Lara gave the fob to the Government on November 1, 2018. *See* ECF No. 69-1 at 21. When Mr. Lara accessed Claimants' account

9

on July 24, 2018, 187.58 Ethereum were in the account. *Id*. There is no evidence that Mr. Lara converted Bitcoin from the gift card conspiracy to Ethereum. This evidence creates a genuine dispute of material fact regarding the Ethereum. Therefore, the Court denies the Government motion for summary judgment regarding the 187.5 Ethereum.

**C. Cashier's Check**

Mr. Lara stated unequivocally that Bitcoin was withdrawn from Claimants' account and converted to the $120,000.00 cashier's check. Claimants have not presented evidence which creates a genuine dispute of material fact regarding the check. Therefore, the Court grants the Government's motion for summary judgment regarding the $120,000.00 cashier's check.

## VI. CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** *United States of America's Supplemental Motion for Summary Judgment* (ECF No. 68). The Court grants the motion as it relates to the forfeiture of the $120,000.00 cashier's check, but otherwise denies the motion.

**IT IS SO ORDERED this 11th day of February 2022.**

_____
**JASON PULLIAM
UNITED STATES DISTRICT JUDGE**